# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2929

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Nebraska. |
| Mauro Dominguez, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: January 21, 2003
Filed: January 31, 2003

_____

Before McMILLIAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Mauro Dominguez pleaded guilty to conspiring to distribute and to possess with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. On appeal, he argues that the district court[1] clearly erred in attributing to him the entire 5 pounds of methamphetamine obtained by his coconspirators during the course of the conspiracy, rather than merely the quantity he personally sold or arranged to have sold.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

The district court was presented with evidence that Dominguez had agreed with two of his coconspirators that the two should travel to California to purchase 10 pounds of methamphetamine, he arranged for a car for the two coconspirators to use, they notified him upon their return to Omaha that they had been able to purchase 5 pounds of methamphetamine, and he assisted them in breaking down the 5 pounds into smaller quantities for resale.  Thus, the district court did not clearly err in attributing the entire amount to him.  See United States v. Brown, 148 F.3d 1003, 1008 (8th Cir. 1998) (defendant convicted of drug conspiracy is properly held accountable for all reasonably foreseeable acts and omissions of any coconspirator; sentencing court is required to find by preponderance of evidence that activity involving drugs was in furtherance of conspiracy and either was known to defendant or reasonably foreseeable to him), cert. denied, 525 U.S. 1169 (1999).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-